**SCURA, WIGFIELD, HEYER**
**STEVENS & CAMMAROTA, LLP**
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: 973-696-8391
Jamal J. Romero, Esq.
jromero@Scura.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re:* <br><br> ANTHONY DIBENEDETTO, <br><br> Debtor. | Case No.: 16-27213 <br><br> Chapter 13 <br><br> Hon. Rosemary Gambardella <br><br> Hearing Date/Time: <br><br> May 18, 2022 @ 10:00 AM <br><br> *Oral Argument Not Requested Unless Timely Filed Objections* |

**CERTIFICATION OF THE DEBTOR'S COUNSEL IN RESPONSE TO TRUSTEE'S OBJECTION TO MOTION TO VACATE DISMISSAL**

I, Jamal J, Romero, Esq, do hereby certify the following:

1. I am an associate of the Scura law firm which represents the above referenced debtor, as such I am fully familiar with the facts and circumstances of the above-captioned case.

2. On September 07, 2016, Anthony DiBenedetto (the "Debtor") filed a petition for relief under Chapter 13 of Title 11 of the United States Code, in the United States Bankruptcy Court, for the district of New Jersey.

3. Prior to filing for bankruptcy, the Debtor filed a workers' compensation case and retained the services of Bangel, Cohen & Falconetti, LLP to represent him in the workers compensation case.

4. On May 15, 2018, the Debtor received an amount of $61,643.75 for the workers compensation claim and did not understand that court approval was necessary to obtain the funds.

5. The firm of Bangel, Cohen & Falconetti, LLP provided an updated letter on May 16, 2018, indicating that the Debtor is currently not receiving compensation benefits and the case was closed.

6. Upon receiving the letter dated May 16, 2018 and due to the Debtor not informing our firm of the workers' compensation award we assumed the case was closed and we did not file the appropriate motion approving the settlement.

7. On October 20, 2021, the Debtor's chapter 13 plan was confirmed, and the plan proposed that the Debtor would pay 100% dividend to all unsecured creditors. (Docket #86).

8. On November 4, 2021, The Trustee's office filed a certification of default (Docket # 87) due to provide income verification and letter of family contributions.

9. On December 27, 2021, an order dismissing the instant case was entered (Docket #96).

10. The Debtor filed a motion to vacate dismissal (Docket #99) and the trustee filed an objection to that motion (Docket #100).

11. The Trustee requested proof of funds to cure the arrears owed to the Debtor's plan.

12. The Debtor provided proof of funds necessary to pay off the chapter 13 plan which were derived from the workers compensation award received on May 15, 2018.

13. The Debtor is prepared to file a motion approving the settlement nunc pro tunc once the dismissal order is vacated.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of these statements are willfully false, I am subject to punishment.

Dated: March 16, 2022                             /s/ *Jamal J. Romero*
                                                  Jamal J. Romero