**SCURA, WIGFIELD HEYER**
**STEVENS & CAMMAROTA, LLP**
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: 973-696-8391
Jamal J. Romero, Esq.
jromero@scura.com
*Counsel to Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re:*<br><br>ANTHONY DIBENEDETTO,<br><br>Debtor. | Case No. 16-27213-RG<br><br>Chapter 13<br><br>Judge: Hon. Rosemary Gambardella<br><br>Hearing Date and Time:<br>August 17, 2022 @ 10:00 am<br><br>*Oral Argument Not Requested* |

**CERTIFICATION OF STEPHEN H. COHEN, ESQ IN**
**SUPPORT OF MOTION FOR AN ORDER AUTHORIZING SETTLEMENT**

I, Stephen H. Cohen, of full age, certify as follows:

1. I am an attorney with the Law Office of Bangel, Cohen & Falconetti, LLP and, as such, am familiar with the facts herein.

2. On June 22, 2015, Anthony DiBenedetto (the "Debtor") was involved in a workplace accident while under the employment of T Young's Paving, LLC (the "Employer"), resulting in injuries.

3. Shortly thereafter he retained the services of the Law office of Bangel, Cohen & Falconetti, LLP.

4. The Debtor filed for bankruptcy on September 7, 2016.

1

5. On November 30, 2016, this Court authorized the retention of the Law offices of Bangel, Cohen and Falconetti, LLP to represent the Debtor in a workers compensation matter against the Debtor's Employer and their insurance carrier, Hartford Underwriters Insurance Company (the "Insurance Carrier").

6. The Debtor has reached a settlement of his workers compensation matter. The details of the settlement are listed as Exhibit "A" to the Debtor's certification.

7. There is no further documentation in this case that was filed with the state court.

8. The settlement of $61,643.75 was agreed upon with full release of claims against the Employer and Insurance Carrier.

9. Given the facts of the case, evidentiary difficulties, and anticipated recovery, it is my opinion the settlement was reasonable and in the best interest of the Debtor because it allowed him to receive immediate payment while avoiding a long trial which can result in high litigation costs to the Debtor.

10. Lastly, our firm was unaware that bankruptcy approval was necessary to settle the case. It was not until the Debtor's bankruptcy counsel contacted us that we were made aware such approval was necessary.

11. We apologize to the Court for any inconvenience this misunderstanding may have caused.

I hereby certify that the foregoing statements made by me are true and that if any of these statements are willfully false that I am subject to punishment.

Dated: August 15, 2022                    /s/Stephen H. Cohen
                                          Stephen H. Cohen